**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO. 17-CV-5582 (SRN/KMM)**

_____

Susan Johnson,

      Plaintiff,

v.

Ocwen Loan Servicing, LLC,

      Defendant.

**AMENDED COMPLAINT**

_____

1. Plaintiff Susan Johnson ("Consumer") amends her Complaint per the stipulation signed by her and Ocwen Loan Servicing, LLC ("Debt Collector") [Docket No. 6] and approved by the Court [Docket No. 8].

2. She initiates this action based on the violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, by Debt Collector.

3. Plaintiff brings these claims seeking remedy after Debt Collector initiated the foreclosure process and charged Consumer hundreds of dollars in foreclosure-related fees during the protection of her bankruptcy stay.

**JURISDICTION, PARTIES, AND JURY TRIAL**

4. This Court is granted jurisdiction over this matter by 15 U.S.C. § 1692k(d).

5. Consumer is a natural person residing in Dakota County and is a "consumer" as the term is defined in 15 U.S.C. § 1692a(3).

6. Debt Collector is a Delaware limited liability company with a registered address of 2345 Rice Street, Suite 230, Roseville, MN 55113. Debt Collector's principal

business and purpose is the collection of debts, making it a "debt collector" as the term is defined in 15 U.S.C. § 1692a(6).

7. Consumer demands a trial by jury to the extent available under US Const. Amend. 7; FRCP 38.

## FACTS

8. Prior to the events described in this Amended Complaint, Consumer had an outstanding mortgage of $245,147.18 secured against her homestead. At all relevant times in this action, Debt Collector serviced this mortgage.

9. Sometime in early 2017, Consumer allegedly became delinquent on her monthly mortgage payments to Debt Collector.

10. On May 26, 2017, Consumer filed a petition for Chapter 7 bankruptcy relief. *See Minn. Bankr. Court File No. 17-31748.*

11. Also at the time of Consumer's filing, 11 U.S.C. § 362 created an "automatic stay," which prohibited, among other actions:

> "(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> (2) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate . . . ." 11 U.S.C. § 362(a).

12. Debt Collector filed a Motion for Relief from Stay in Consumer's Chapter 7 on August 4, 2017 requesting the Court grant an exception to the automatic bankruptcy stay created by 11 U.S.C. § 362 at the time of filing so Debt Collector

could foreclose on Consumer's home. *See MFR attached as* **EXHIBIT A** *to original Complaint*. [Docket No. 1-1, pp. 10-12].

13. The Bankruptcy Court granted Debt Collector's motion on August 23, 2017.

14. However, after the imposition of the automatic stay but before the Court granted Debt Collector's Motion for Relief from Stay, Debt Collector initiated the foreclosure process against Consumer's homestead.

15. Upon information and belief, Debt Collector published notice of a sheriff's sale of Consumer's homestead and served notice of the foreclosure on Consumer while her bankruptcy stay was active.

16. Debt Collector also charged the following fees to the balance of Consumer's mortgage during the protection of the automatic stay:

    a. $390.00 on June 8, 2017 for "Sale Publication"
    b. $50.00 on June 8, 2017 for "Service of Process"

*See costs and fees charged attached as* **EXHIBIT B** *to original Complaint*. [Docket No. 1-1, pp. 13-20].

**COUNT I: MISREPRESENTATION OF CHARACTER, AMOUNT, AND LEGAL STATUS OF DEBT AND MISREPRESENTATION OF SERVICES RENDERED FOR WHICH COLLECTOR MAY BE COMPENSATED**

17. Consumer incorporates all other allegations as if set forth herein in full.

18. The FDCPA prohibits collectors from misrepresenting a debt's "character, amount, or legal status:"

    "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . The false representation of . . . the character, amount, or legal status of any debt; or any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." 15 U.S.C. §§ 1692e(2)(A) & (B).

19. Debt Collector violated §§ 1692e(2)(A) and (B) by incurring and charging Consumer $440.00 in fees, listing her home for sale by foreclosure, and serving process initiating the foreclosure, all when prohibited from doing so by the automatic bankruptcy stay.

20. This was a false representation of the character and amount of the debt made in connection with the collection of the underlying mortgage debt.

21. Debt Collector's misrepresentation materially misled Consumer as to her rights under the bankruptcy code and her obligations to her creditors.

22. Debt Collector's excessive, illegal addition of fees to Consumer's mortgage was a significant factor in her decision to walk away from her home.

23. This violation has caused Consumer to suffer emotional distress, including frustration, confusion, and helplessness.

24. Consumer has been forced to hire legal counsel to address Debt Collector's failure to comply with the FDCPA.

25. The FDCPA provides the following remedies for its breach:

    "[A]ny debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of — (1) any actual damage sustained by such person as a result of such failure; (2) . . . such additional damages as the court may allow, but not exceeding $1,000 . . . [and (3)] the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a).

26. Consumer is entitled to actual damages in an amount to be determined at trial, statutory damages of $1,000.00, the costs of this action, and reasonable attorney's fees from Debt Collector in an amount to be determined by the court under 15 U.S.C. § 1692k.

## COUNT II: THREATENING TO TAKE ILLEGAL ACTION

27. Consumer incorporates all other allegations as if set forth herein in full.

28. The FDCPA prohibits collectors from threatening illegal action:

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .(5) The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

29. Debt Collector violated § 1692e(5) by taking actions that threatened the imminent foreclosure of Consumer's home, despite being legally unable to do so due to the active automatic bankruptcy stay in place at the time of these actions.

## COUNT III: CHARGING UNLAWFUL FEES

30. Consumer incorporates all other allegations as if set forth herein in full.

31. The FDCPA prohibits collectors from threatening to take a consumer's property when there is no present intention or legal right to do so:

"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

32. Debt Collector violated § 1692f(1) by charging and attempting to collect, through the foreclosure sale of Consumer's home, $440.00 in fees unlawfully charged to Consumer during the protection of her automatic bankruptcy stay.

## COUNT IV: THREATENING ILLEGAL DISPOSSESSION OF PROPERTY

33. Consumer incorporates all other allegations as if set forth herein in full.

34. "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

35. The FDCPA prohibits collectors from threatening to take a consumer's property when there is no present intention or legal right to do so:

"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if — (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement." 15 U.S.C. § 1692f(6).

36. Debt Collector violated § 1692f(6) by initiating the foreclosure process—by publication and service on Consumer of notice of the sale—while legally prohibited by the automatic bankruptcy stay from doing so.

37. This was unfair and unconscionable collection activity that made Consumer fear for her financial security.

## RELIEF REQUESTED

Consumer requests an Order for the following relief:

1. Judgment in favor of Susan Johnson and against Ocwen Loan Servicing, LLC for actual damages in an amount to be determined at trial, $1,000 in statutory damages, the costs of this action, and a reasonable attorney's fee under 15 U.S.C. § 1692k.

2. All other relief the Court deems just and equitable.

Date: <u>January 11, 2018</u>             */s/ Bennett Hartz*
                                          Andrew C. Walker #392525
                                          Bennett Hartz #393136
                                          Walker & Walker Law Offices, PLLC
                                          4356 Nicollet Avenue South
                                          Minneapolis, MN 55409
                                          (612) 824-4357
                                          ***Attorneys for Consumer***